UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHRISTIAN,

      Plaintiff,

v.

MRC RECEIVABLES
CORPORATION and ELTMAN,
ELTMAN & COOPER, P.C.,

      Defendant.
_____/

COMPLAINT

**I.    Introduction**

1. This is an action for damages, brought by a consumer against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq*.

**II.    Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.    Parties**

3. Plaintiff Michael Christian is an adult, natural person residing in Kent County, Michigan.  Mr. Christian is a "consumer" and "person" as the terms are defined and used in the

FDCPA. Mr. Christian is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA.

   4. Defendant MRC Receivables Corporation ("MRC") is a Delaware corporation. The registered agent in Michigan for MRC is CSC Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. In 2009, MRC applied for and obtained a Certificate of Authority to Transact Business or Conduct Affairs in Michigan for the following stated purpose: "The Company purchases and holds portfolios of defaulted consumer debt and places the accounts with servicers for collection of the debt." MRC regularly transacts business in Michigan. MRC uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. MRC is a "debt collector" as the term is defined and/or used in the FDCPA. MRC is a "regulated person" as the term is defined and/or used in the MRCPA.

   5. Defendant Eltman, Eltman & Cooper, P.C. ("Eltman") is a New York professional corporation. The registered agent for Eltman is Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, New York 12260. Eltman uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Eltman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Eltman is a "debt collector" as the term is defined and/or used in the FDCPA. Eltman is a "regulated person" as the term is defined and/or used in the MRCPA.

**IV. Facts**

   6. More than a decade ago, plaintiff Michael Christian had a credit account (No. 5409790500814787) with Providian Bank ("Providian") which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation of Mr.

Christian to pay money was a "debt" as the term is defined and used in the FDCPA and MRCPA.

7. In or before 2004, Providian claimed that Mr. Christian defaulted on his obligation to repay his debt and the account went into default.

8. In or before 2004, Providian charged off and sold the account and related, alleged debt.

9. In or before 2004, defendant MRC Receivables Corporation purchased Mr. Christian's delinquent Providian account.

10. In or before 2004, MRC placed the account and alleged debt for collection with a Michigan debt collection law firm named Mary Jane M. Elliott, P.C. ("Elliott").

11. On August 18, 2004, Elliott filed a debt collection lawsuit on behalf of MRC and against Mr. Christian in the 61st District Court for the State of Michigan, Case No. 2004-GC-4023.

12. Documents contained in the court file for Case No. 2004-GC-4023 disclose the following facts:

    a) On October 5, 2004, the court issued an order allowing Mr. Christian to be served by alternate service;

    b) On October 21, 2004, the process server hired by Elliott on behalf of MRC tacked the summons and complaint to the door of a residence located at 943 Calvin Avenue, S.E., Grand Rapids, Michigan 49506;

    c) The process server noted in the file that he was aware that Mr. Christian did not reside at the service address;

    d) On October 22, 2004, the court received a telephone call from the home

        owner at the service address, informing the court that Mr. Christian did not reside at that address.

    e)    Despite the foregoing, Elliott on behalf of MRC applied for and received a default judgment against Mr. Christian on January 6, 2005.

    f)    On November 2, 2005, Elliott on behalf of MRC sent a request for writ of garnishment to the Michigan State Treasury in efforts to intercept any income tax refund that Mr. Christian might receive.

    g)    On January 13, 2006, Elliott on behalf of MRC filed with the court and sent to the State of Michigan a garnishment release, withdrawing the garnishment, and instructing that any amounts withheld should be returned to Mr. Christian and that any further holdings should be discontinued.

Apparently, efforts to collect on the default judgment were suspended because Mr. Christian was not properly served with summons and complaint. No efforts to collect on the improperly entered default judgment were taken for the next six years.

13. Despite the foregoing, in or before 2012, MRC placed the account and alleged debt for collection with a second Michigan debt collection law firm named Berndt & Associates, P.C. ("Berndt").

14. In May of 2012, Berndt on behalf of MRC contacted and communicated with Mr. Christian in efforts to collect on the account, alleged debt and related state court default judgment. In the course of those communications, Berndt repeatedly violated the FDCPA and Michigan law.

15. On June 28, 2012, Mr. Christian filed a lawsuit against Berndt in the United States

District Court for the Western District of Michigan, Case No. 1:12-cv-681, alleging that Berndt in its efforts to collect the alleged debt had violated the FDCPA and Michigan.  The complaint expressly stated that Mr. Christian disputed and refused to pay the alleged debt.  A copy of the filed complaint is attached as Exhibit A.

16. On August 7, 2012, Mr. Christian dismissed the federal lawsuit with prejudice, pursuant to the terms of a Release and Settlement Agreement effective July 30, 2012, between Mr. Christian, Berndt and MRC, and which provided in pertinent part that MRC (and its related entities) released all claims that MRC had made or could have made against Mr. Christian in the state court collection lawsuit and the account and further required that "[n]o later than August 15, 2012, MRC shall file with the 61st District Court for the State of Michigan, all documents necessary to set aside the judgment entered against Christian in the State Lawsuit and to dismiss that action, with prejudice, and with no award of costs or attorney fees to any party."  A copy of the signed Release and Settlement Agreement is attached as Exhibit B.

17. On August 30, 2012, Berndt on behalf of MRC filed in the state court lawsuit a stipulation to set aside the default judgment that had been entered against Mr. Christian and to dismiss the state court lawsuit with prejudice.

18. On August 30, 2012, the state court judge signed and entered an order, setting aside the default judgment that had been entered against Mr. Christian and dismissing the state court lawsuit with prejudice.

19. Despite the foregoing, in or before 2014, MRC placed the account and alleged debt for collection with a third debt collection law firm, defendant Eltman, Eltman & Cooper, P.C.

20.     By letter dated September 22, 2014, Eltman wrongfully communicated with Mr. Christian, stated that Eltman had been retained by MRC as purchaser of Mr. Christian's Providian account, falsely stated that Mr. Christian owed a balance of $1,792.37 on the account, wrongfully requested the payment of money, and wrongfully threatened that "if you fail to contact this office, our client may consider the availability of additional remedies to recover the balance due."  A copy of the letter is attached as Exhibit C.

21.     The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."  15 U.S.C. § 1692(e).

22.     Defendants, to increase their business and profits, have knowingly chosen to use debt collection practices that violate the FDCPA and MRCPA, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

23.     The acts and omissions of defendants done in connection with efforts to collect the alleged debt from Mr. Christian were done intentionally and wilfully.

24.     Defendants intentionally and wilfully violated the FDCPA and MRCPA.

25.     As an actual and proximate result of defendants' acts and omissions, plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, loss of sleep, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.      Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

26.     Plaintiff incorporates the foregoing paragraphs by reference.

27.     Defendants have violated the FDCPA.  Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a)     Defendants violated 15 U.S.C. § 1692c(a)(2) and (c)

b)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

c)     Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

d)     Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

e)     Defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)     Such further relief as the court deems just and proper.

### Count 2– Michigan Regulation of Collection Practices Act

28.     Plaintiff incorporates the foregoing paragraphs by reference.

29.     Defendants have violated the MRCPA.  Defendants' violations of the MRCPA include, but are not necessarily limited to, the following:

a)      Defendants violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive manner;

b)      Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

c)      Defendants violated M.C.L. § 445.252(f) by misrepresenting (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of the creditor or debtor;

d)      Defendants violated M.C.L. § 445.252(h) by communicating with a debtor when the debtor is actively represented by an attorney and the attorney's name and address are known;

e)      Defendants violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt; and

f)      Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)      Actual damages pursuant to M.C.L. § 445.257;

b)      Treble the actual damages pursuant to M.C.L. § 445.257;

c)      Statutory damages pursuant to M.C.L. § 445.257;

d)      Equitable, declaratory and injunctive relief pursuant to M.C.L. § 445.257; and

e)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257.

**Demand for Trial by Jury**

    Plaintiff demands trial by jury.

| | |
|---|---|
| Dated: January 8, 2015 | /s/ Phillip C. Rogers<br>Phillip C. Rogers (P34356)<br>Attorney for Plaintiff<br>40 Pearl Street, N.W., Suite 336<br>Grand Rapids, Michigan 49503-3026<br>(616) 776-1176<br>ConsumerLawyer@aol.com |